IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1361-BO-RJ

| | | |
|---|---|---|
| COASTAL PINE SOLAR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PENDER COUNTY, NORTH CAROLINA, FRED MCCOY, in his individual capacity and in his official capacity as a Pender County Commissioner, JACQUELINE A. NEWTON, in her individual capacity and in her official capacity as a Pender County Commissioner, and DAVID PIEPMEYER, in his individual capacity and in his official capacity as a Pender County Commissioner,<br><br>Defendants. | ) | ORDER |

This cause comes before the Court on defendants' motions to dismiss and plaintiff's motions for leave to file sur-replies. The appropriate responses and replies have been filed[1] and a hearing on the motions was held before the undersigned on May 13, 2026, at Raleigh, North Carolina. In this posture, the motions are each ripe for disposition. For the reasons that follow, plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff, Coastal Pine Solar (Coastal Pine), secured development rights to a four-square mile parcel of property in Pender County, North Carolina, anticipating that it would develop and operate a solar farm. [DE 1] ¶ 25-26. Coastal Pine understood that Pender County had previously

[1] Plaintiff has filed motions for leave to file sur-replies [DE 25]; [DE 32]. Those motions are granted, and the Court has considered the arguments made therein.

issued special use permits for the construction of nine solar farms in the county, and Coastal Pine made substantial investments in the project based on its good faith belief that its application for a special use permit would also be approved under the existing unified development ordinance (UDO). *Id.* ¶¶ 27-29.

Coastal Pine submitted its application for a special use permit and the Pender County Board of Commissioners (the Board) held a hearing on the application on September 19, 2022. *Id.* ¶¶ 30; 32. On the same day as the hearing, the Board denied the application after it found that Coastal Pine had failed to meet Standards 1-3 of Section 3.12.3(G) of the UDO. *Id.* ¶ 42. Coastal Pine filed a writ of certiorari and complaint for declaratory judgment in Pender County Superior Court on November 30, 2022. *Id.* ¶ 44; *see also* N.C. Gen. Stat. §§ 160D-109(d) and 6-21.7. Plaintiff's complaint for declaratory judgment cited 42 U.S.C. §§ 1983 and 1988, specifically alleging that its procedural and substantive due process rights had been violated by the denial of its application by the Board. *Id.*; [DE 17-1]. On December 5, 2022, the Board amended the UDO by removing "Other Electric Power Generation" as a permitted use in the RA District, in which the subject property sits. [DE 1] ¶¶45-46. Plaintiff alleges that the UDO zoning amendment (2022 Zoning Amendment) was enacted to prohibit its development of a solar farm on the subject property. *Id.* ¶ 50.

The Superior Court determined that Coastal Pine had established a *prima facie* case as to Standards 1-3 of the applicable section of the UDO by order entered May 22, 2023. *Id.* ¶ 53. The matter was remanded to the Board to review Standards 4-8, which it had not addressed in its first decision. *Id.* The Board held a second hearing on July 10, 2023. *Id.* ¶ 54. By order entered July 24, 2023, the Board denied Coastal Pine's application for failing to meet Standards 4, 5, 7, and 8. *Id.* ¶ 59. Coastal Pine appealed the Board's decision to Pender County Superior Court, and the

Superior Court affirmed the Board's decision and entered judgment against Coastal Pine on August 25, 2023. *Id.* ¶ 60. Coastal Pine appealed the Superior Court's decision to the North Carolina Court of Appeals. *Id.* ¶ 61.

Coastal Pine initiated this action on July 24, 2025. [DE 1]. It brings claims against both Pender County and three county commissioners who were involved in the special use permit proceedings. Coastal Pine brings claims for First Amendment retaliation, violation of due process and equal protection rights based on actions motivated by political pressure or personal interest rather than legitimate regulatory concerns, violation of equal protection and substantive due process, and for an illegal taking under the Fifth Amendment. Coastal Pine also brings claims under North Carolina state law for tortious interference with prospective economic advantage and for violation of the North Carolina Constitution.

By opinion filed June 17, 2026, the North Carolina Court of Appeals affirmed the Superior Court's decision, holding that Coastal Pine had failed to establish *prima facie* entitlement to the special use permit and that the Superior court had not erred in affirming the Board's decision. [DE 38-1] at 27. In its opinion, the North Carolina Court of Appeals specifically addressed Coastal Pine's argument that the Board had violated the law and denied it due process based on the implicit and explicit bias of the Board and commissioners, expressly overruling Coastal Pine's arguments. *Id.* at 22-27; *see also Coastal Pine Solar, LLC v. Pender Cnty.*, 931 S.E.2d 603 (N.C. Ct. App. 2026). Mandate issued on July 7, 2026, and no request for further review has been filed. *See* [DE 40] at 1.[2]

---

[2] Page number references for filed documents refer to the page number generated by CM/ECF.

## DISCUSSION

Pender County and the individual defendants named as defendants in this case have moved separately to dismiss Coastal Pine's claims pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Pender County argues that this Court should dismiss Coastal Pine's claims pursuant to *Younger* abstention, that the doctrine of res judicata bars plaintiff's claims, and that Coastal Pine has otherwise failed to state claims for relief. The individual defendants argue that Coastal Pine has failed to properly serve them, and the Court thus lacks personal jurisdiction over them, that the Court should dismiss the complaint pursuant to *Younger* abstention, that res judicata bars the official capacity claims against the individual defendants, that collateral estoppel bars the individual and official capacity claims against the individual defendants, and that Coastal Pine has otherwise failed to state a claim for relief because, among other things, the individual defendants are entitled to legislative and quasi-judicial immunity on all of the claims against them. In briefing filed following the filing of the opinion of the North Carolina Court of Appeals, defendants argue that *Rooker-Feldman*, rather than *Younger* abstention, deprives the Court of subject matter jurisdiction and otherwise maintain that the complaint should be dismissed.

I. *Legal standards*

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, the facts alleged by the plaintiff in the

complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, a court may "consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits, [as well as] a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (internal citations omitted).

Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(b)(2) (authorizing dismissal for lack of personal jurisdiction).

II. *Analysis*

The Court considers first defendants' arguments under *Rooker Feldman* and the preclusion doctrines of res judicata and collateral estoppel.[3]

The *Rooker-Feldman* doctrine prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). "But where the federal complaint presents an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached in a case to which he was a

---

[3] The Court notes that, to the extent they are named in their official capacities, the claims against the individual defendants are claims against the county. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, any disposition as to claims against Pender County is also a disposition as to the claim as against the individual defendants in their official capacities.

party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Jonathan R. by Dixon v. Just.*, 41 F.4th 316, 340 (4th Cir. 2022) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

Because it considers whether the relevant decisions of the North Carolina state courts control, the Court applies North Carolina's preclusion rules to determine what effect, if any, the relevant decisions have on this case. *See Meindl v. Genesys Pac. Techs, Inc. (In re Genesys Data Techs.)*, 204 F.3d 124, 128 (4th Cir. 2000); *see also* 28 U.S.C. § 1738. Res judicata, also called claim preclusion, provides that "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15 (2004). The preclusive effect of the judgment applies both to matters that were and those that should have been decided by the earlier action. *Id.*; *see also Skinner v. Quintiles Transnat'l Corp.*, 167 N.C. App. 478, 483 (2004) ("issues arising out of a single transaction or series of transactions must be tried together as one claim."). Res judicata thus applies where (1) there was a prior action which resulted in a final judgment on the merits, (2) which was based on the same cause of action as the subsequent case, and (3) the parties are either identical or in privity with each other. *Williams v. Peabody*, 217 N.C. App. 1, 5 (2011).

Collateral estoppel, also called issue preclusion, instructs that "the determination of an issue in a prior judicial or administrative proceeding precludes the relitigation of that issue in a later action, provided the party against whom the estoppel is asserted enjoyed a full and fair opportunity to litigate that issue in the earlier proceeding." *Whitacre P'ship*, 358 N.C. at 15. Collateral estoppel applies where there is "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined."

*Fox v. Johnson*, 243 N.C. App. 274, 285 (2015) (internal quotation, emphasis, and citation omitted).

In Count I, Coastal Pine alleges that the defendants violated its First Amendment rights when they engaged in a "pattern of retaliatory conduct," to include denial of Coastal Pine's special use permit application and their adoption of the 2022 Zoning Amendment, which "culminated with the July 24, 2023 Order denying Coastal Pine's Application for the second time." [DE 1] ¶¶ 66-67. As relief, Coastal Pine seeks a declaration that the 24 July 2023 order was an unconstitutional retaliation. *Id.* ¶ 130(b). The Court agrees with defendants that *Rooker Feldman* "bars the claim at the threshold" because, at bottom, it asks this Court to sit in review of the 24 July 2023 order.

Plaintiffs alleging a claim for First Amendment retaliation must allege that "(1) she engaged in protected First Amendment activity, (2) the defendants took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendants' conduct." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005). Here, the state courts have adjudicated Coastal Pine's claim that defendants wrongly denied its special use permit application and took adverse action based on animus or bias, the same allegation that Coastal Pine makes in its complaint. *See* [DE 38-1] at 23-27; [DE 1] ¶¶ 39-42; 65.

To the extent *Rooker Feldman* does not bar the First Amendment claim, res judicata and collateral estoppel do. For purposes of res judicata, the plaintiff, Pender County, and the individual defendants in their official capacities are identical. *See Chandler v. Forsyth Tech. Cmty. Coll.*, 294 F. Supp. 3d 445, 455 (M.D.N.C. 2018). Coastal Pine could have raised its claims regarding the 2022 Zoning Amendment in the underlying proceedings, as they arose from the same series of transactions, but it did not, and the state court judgment is final. Moreover, the state court

judgments have decided the issues of whether Coastal Pine's special use permit application was properly denied and whether there was or was not bias on the part of the commissioners, preventing Coastal Pine from relitigating these issues in this case against the individual defendants in their individual capacities. Coastal Pine had a full and fair opportunity to litigate the issues raised, and collateral estoppel bars it from bringing this claim here.

Count II alleges a claim for denial of equal protection and due process based upon political pressure. In its complaint, Coastal Pine alleges that the 24 July 2023 order violated its due process and equal protection rights because defendants' actions were "motivated, not by legitimate regulatory concerns, but by political pressure from neighbors and other residents." [DE 1] ¶ 70. Coastal Pine alleges that defendants' actions were arbitrary and motivated by self-interest, as confirmed by defendant Newton's conduct at the 10 July 2023 hearing. *Id.* ¶ 75.

As is provided by N.C. Gen. Stat. § 160D-1402(j), certiorari review of quasi-judicial decisions such as the application denial at issue here includes whether the petitioner's constitutional rights, including due process rights, have been violated and whether the Board's decision was arbitrary or capricious. Coastal Pine filed a writ of certiorari after the Board of Commissioners denied its application and the Superior Court determined that the Board's decision was not arbitrary or capricious, that Coastal Pine was afforded its procedural due process rights during the hearing, and that the decision to deny Coastal Pine's special use permit application was based on competent, substantial, and material evidence. *See* [DE 36-1]. Thus, the issues raised in Count II ask the Court to either sit in review of the Superior Court's decision or require a determination of an issue that is inextricably intertwined with what the state court has decided. Coastal Pine's claim in Count II is barred by *Rooker Feldman* and alternatively by res judicata and collateral estoppel.

The same is true for Coastal Pine's remaining equal protection, substantive due process, and takings claims alleged in Counts III through V. Coastal Pine alleges that the 24 July 2023 order denying its application violated due process because defendants lacked a rational basis for denying it; that Coastal Pine was denied substantive due process when defendants entered the 24 July 2023 order because defendants acted arbitrarily, irrationally, in excess of their authority, and in an abuse of official power; and that the denial of Coastal Pine's application resulted in a taking because, when it purchased the subject property, the grant of its special use permit application was a "near certainty" in light of the existing zoning ordinance and Coastal Pine's presentation of competent evidence in support of its application. *See* [DE 1] ¶¶ 79-107.

Again, Coastal Pine's claims are at bottom a collateral attack on the state court judgments affirming the denial of its special use permit application. To the extent they are not, Coastal Pine raises claims which either were or could have been litigated in its certiorari proceeding or raises issues which were actually decided by the state courts.

In its most recent filing following entry of the North Carolina Court of Appeals opinion, Coastal Pine contends that the opinion has no bearing on its First Amendment retaliation claim or its allegations that the 2022 Zoning Amendment was enacted in retaliation for Coastal Pine filing an appeal and motivated by its status as an out-of-state residence. *See* [DE 39]. Even were the Court to consider this claim, however, it is nonetheless subject to dismissal.

"It is settled law that landowners are not guaranteed that existing zones will remain unaltered." *Finch v. City of Durham*, 325 N.C. 352, 372 (1989). Furthermore, Coastal Pine's allegation that the 2022 Zoning Amendment was enacted in retaliation for its appeal of the Board's denial of its application is simply not plausible. Coastal Pine filed its writ of certiorari on November 30, 2022, and the Board unanimously adopted the 2022 Zoning Amendment on

December 5, 2022. The zoning amendment applicant was Pender County Planning & Community Development, *see* [DE 22-1], the proposed amendment was noticed beginning November 3, 2022, and discussed at a planning board meeting on November 15, 2022 – in other words, before Coastal Pine's filing of its writ of certiorari the 2022 Zoning Amendment had been proposed and published for public comment, rendering Coastal Pine's claim that the amendment was enacted in retaliation for its appeal implausible. [DE 40-3]; [DE 40-4].

In sum, Coastal Pine's § 1983 claims are barred as against all defendants by *Rooker Feldman*, res judicata, or collateral estoppel. To the extent any state law claim remains, the Court, in its discretion, declines to exercise its supplemental jurisdiction over them. *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995).[4]

CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motions for leave to file sur-replies [DE 25]; [DE 32] are GRANTED and the Court has considered plaintiff's arguments in sur-reply. Defendants' motions to dismiss [DE 16]; [DE 23] are GRANTED. To the extent any state law claims are not barred by *Rooker Feldman*, res judicata, or collateral estoppel, the Court declines to exercise jurisdiction over them. The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

SO ORDERED, this 31 day of August 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

[4] In light of the foregoing, the Court declines to consider defendants' arguments related to service of process.